FILED: March 8, 2021

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No.   19-1524,        Ruth Akers v. Maryland State Education Assoc
                      1:18-cv-01797-RDB

_____

NOTICE OF JUDGMENT
_____

Judgment was entered on this date in accordance with Fed. R. App. P. 36. Please be advised of the following time periods:

**PETITION FOR WRIT OF CERTIORARI:** The time to file a petition for writ of certiorari runs from the date of entry of the judgment sought to be reviewed, and not from the date of issuance of the mandate. If a petition for rehearing is timely filed in the court of appeals, the time to file the petition for writ of certiorari for all parties runs from the date of the denial of the petition for rehearing or, if the petition for rehearing is granted, the subsequent entry of judgment. See Rule 13 of the Rules of the Supreme Court of the United States; www.supremecourt.gov.

**VOUCHERS FOR PAYMENT OF APPOINTED OR ASSIGNED COUNSEL:** Vouchers must be submitted within 60 days of entry of judgment or denial of rehearing, whichever is later. If counsel files a petition for certiorari, the 60-day period runs from filing the certiorari petition. (Loc. R. 46(d)). If payment is being made from CJA funds, counsel should submit the CJA 20 or CJA 30 Voucher through the CJA eVoucher system. In cases not covered by the Criminal Justice Act, counsel should submit the Assigned Counsel Voucher to the clerk's office for payment from the Attorney Admission Fund. An Assigned Counsel Voucher will be sent to counsel shortly after entry of judgment. Forms and instructions are also available on the court's web site, www.ca4.uscourts.gov, or from the clerk's office.

**BILL OF COSTS:** A party to whom costs are allowable, who desires taxation of costs, shall file a Bill of Costs within 14 calendar days of entry of judgment. (FRAP 39, Loc. R. 39(b)).

**PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC:** A petition for rehearing must be filed within 14 calendar days after entry of judgment, except that in civil cases in which the United States or its officer or agency is a party, the petition must be filed within 45 days after entry of judgment. A petition for rehearing en banc must be filed within the same time limits and in the same document as the petition for rehearing and must be clearly identified in the title. The only grounds for an extension of time to file a petition for rehearing are the death or serious illness of counsel or a family member (or of a party or family member in pro se cases) or an extraordinary circumstance wholly beyond the control of counsel or a party proceeding without counsel.

Each case number to which the petition applies must be listed on the petition and included in the docket entry to identify the cases to which the petition applies. A timely filed petition for rehearing or petition for rehearing en banc stays the mandate and tolls the running of time for filing a petition for writ of certiorari. In consolidated criminal appeals, the filing of a petition for rehearing does not stay the mandate as to co-defendants not joining in the petition for rehearing. In consolidated civil appeals arising from the same civil action, the court's mandate will issue at the same time in all appeals.

A petition for rehearing must contain an introduction stating that, in counsel's judgment, one or more of the following situations exist: (1) a material factual or legal matter was overlooked; (2) a change in the law occurred after submission of the case and was overlooked; (3) the opinion conflicts with a decision of the U.S. Supreme Court, this court, or another court of appeals, and the conflict was not addressed; or (4) the case involves one or more questions of exceptional importance. A petition for rehearing, with or without a petition for rehearing en banc, may not exceed 3900 words if prepared by computer and may not exceed 15 pages if handwritten or prepared on a typewriter. Copies are not required unless requested by the court. (FRAP 35 & 40, Loc. R. 40(c)).

**MANDATE**: In original proceedings before this court, there is no mandate. Unless the court shortens or extends the time, in all other cases, the mandate issues 7 days after the expiration of the time for filing a petition for rehearing. A timely petition for rehearing, petition for rehearing en banc, or motion to stay the mandate will stay issuance of the mandate. If the petition or motion is denied, the mandate will issue 7 days later. A motion to stay the mandate will ordinarily be denied, unless the motion presents a substantial question or otherwise sets forth good or probable cause for a stay. (FRAP 41, Loc. R. 41).

# U.S. COURT OF APPEAL FOR THE FOURTH CIRCUIT BILL OF COSTS FORM
(Civil Cases)

**Directions:** Under FRAP 39(a), the costs of appeal in a civil action are generally taxed against appellant if a judgment is affirmed or the appeal is dismissed. Costs are generally taxed against appellee if a judgment is reversed. If a judgment is affirmed in part, reversed in part, modified, or vacated, costs are taxed as the court orders. A party who wants costs taxed must, within 14 days after entry of judgment, file an itemized and verified bill of costs, as follows:
• Itemize any fee paid for docketing the appeal. The fee for docketing a case in the court of appeals is $500 (effective 12/1/2013). The $5 fee for filing a notice of appeal is recoverable as a cost in the district court.
• Itemize the costs (not to exceed $.15 per page) for copying the necessary number of formal briefs and appendices. (Effective 10/1/2015, the court requires 1 copy when filed; 3 more copies when tentatively calendared; 0 copies for service unless brief/appendix is sealed.). The court bases the cost award on the page count of the electronic brief/appendix. Costs for briefs filed under an informal briefing order are not recoverable.
• Cite the statutory authority for an award of costs if costs are sought for or against the United States. See 28 U.S.C. § 2412 (limiting costs to civil actions); 28 U.S.C. § 1915(f)(1) (prohibiting award of costs against the United States in cases proceeding without prepayment of fees).
Any objections to the bill of costs must be filed within 14 days of service of the bill of costs. Costs are paid directly to the prevailing party or counsel, not to the clerk's office.

Case Number & Caption: _____

Prevailing Party Requesting Taxation of Costs: _____

| Appellate Docketing Fee (prevailing appellants): | | Amount Requested: \_\_\_\_\_ | | | Amount Allowed: \_\_\_\_\_ | |
|---|---|---|---|---|---|---|
| **Document** | **No. of Pages** | | **No. of Copies** | | **Page Cost (≤$.15)** | **Total Cost** | |
| | Requested | Allowed (court use only) | Requested | Allowed (court use only) | | Requested | Allowed (court use only) |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| **TOTAL BILL OF COSTS:** | | | | | | $0.00 | $0.00 |

1. If copying was done commercially, I have attached itemized bills. If copying was done in-house, I certify that my standard billing amount is not less than $.15 per copy or, if less, I have reduced the amount charged to the lesser rate.
2. If costs are sought for or against the United States, I further certify that 28 U.S.C. § 2412 permits an award of costs.
3. I declare under penalty of perjury that these costs are true and correct and were necessarily incurred in this action.

**Signature:** _____    **Date:** _____

### Certificate of Service

I certify that on this date I served this document as follows:

**Signature:** _____    **Date:** _____

FILED: March 8, 2021

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 19-1524
(1:18-cv-01797-RDB)

_____

RUTH AKERS, on behalf of herself and all others similarly situated; SHARON MOESEL

        Plaintiffs - Appellants

v.

MARYLAND STATE EDUCATION ASSOCIATION; TEACHERS ASSOCIATION OF BALTIMORE COUNTY; NATIONAL EDUCATION ASSOCIATION; BALTIMORE COUNTY PUBLIC SCHOOLS, as representative of the class of all school districts in Maryland; LARRY HOGAN, in his official capacity as governor of Maryland; BRIAN E. FROSH, in his official capacity as Attorney General of Maryland; ELIZABETH MOLINA MORGAN, each in their official capacities as members of the Maryland Public School Labor Relations Board; ROBERT I. CHANIN, each in their official capacities as members of the Maryland Public School Labor Relations Board; JOHN A. HAYDEN, III, each in their official capacities as members of the Maryland Public School Labor Relations Board; DONALD W. HARMON, each in their official capacities as members of the Maryland Public School Labor Relations Board; RONALD S. BOOZER, each in their official capacities as members of the Maryland Public School Labor Relations Board; TEACHERS ASSOCIATION OF ANNE ARUNDEL COUNTY, INC.

        Defendants - Appellees

and

GEORGE ARLOTTO; VERLETTA WHITE

 Defendants

------------------------------

NATIONAL RIGHT TO WORK LEGAL DEFENSE AND EDUCATION FOUNDATION, INC.

 Amicus Supporting Appellant

_____

J U D G M E N T

_____

 In accordance with the decision of this court, the judgment of the district court is affirmed.

 This judgment shall take effect upon issuance of this court's mandate in accordance with Fed. R. App. P. 41.

<u>/s/ PATRICIA S. CONNOR, CLERK</u>